## IN THE UNTIED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|                                    |   |                        |
|------------------------------------|---|------------------------|
| RONNELL JASON LeBERRY,             | ) |                        |
|                                    | ) |                        |
|     Petitioner, | ) | NO. 3:10-00624         |
|                                    | ) | JUDGE HAYNES           |
| v.                                 | ) |                        |
|                                    | ) |                        |
| STATE OF TENNESSEE, *et al.*,      | ) |                        |
|                                    | ) |                        |
|     Respondents. | ) |                       |

## O R D E R

Petitioner, Ronnell Jason LeBerry, a state prisoner, filed this action under 28 U.S.C. § 2254, for writ of habeas corpus to set aside his state conviction(s). Under Rule 4 of the Federal Rules Governing Section 2254 cases after a review of the petition, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the Petitioner. If the Petitioner is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other actions the judge may order." Under 28 U.S. § 1915(d), "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

From a review of the file, and the amended petition and in accordance with Rule 5 of the Rules Governing Section 2254, the Respondent is **ORDERED** to file a response to this petition within twenty (20) days from the date of entry of this Order. .

Pursuant to Rule 5 of the Rules Governing § 2254 Cases, the Respondent's answer must reflect: " [W]hat transcripts (of pretrial, trial, sentencing; or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded, but not transcribed.

The respondent must attach to the answer parts of the transcripts that the respondent considers relevant". In addition, upon Petitioner's motion, the Court " may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence." Id.. The Respondent has the responsibility to provide these records. Griffin v. Rogers, 308 F.3d 647, 654 (6th Cir. 2002).

Within eighty (80) days from the date of entry of this Order, the parties' counsel shall file a joint statement of their respective positions on: (a) the need for discovery, discovery deadlines, the specific discovery sought and why such discovery was not pursued in the state courts; (b) the necessity for an evidentiary hearing with a statement of the claim(s) for which such a hearing is necessary and why an evidentiary hearing on the claims(s) was not pursued in the state court; and (c) listing of each claim in the federal habeas petition that Respondent contends, is subject to procedural default and the independent rules upon which the Respondent relies for his procedural default contentions.

Within ninety (90) days after the filing of the state record, Petitioner shall file a summary of the state court record, on the following subjects in the order set forth below:

1. A quotation of the findings of the appellate court on the Petitioner's direct appeal setting forth the factual bases of the Petitioner's conviction;

2. A quotation from the Appellant's brief in Petitioner's direct appeal of the issues presented with citation to the page(s) of the brief for the federal law relied upon for each claim as well as citation to any other portion of the Appellant's brief or the appellate court's opinion(s) that Petitioner's relies upon for his claim(s) in this action with citations of federal decisions presented to or cited by the state court. Petitioner shall also list the specific pages of the Appellant's brief and/or the state court opinion for those federal decisions;

2

3. A quotation of the findings of the appellate court on the Petitioner's post-conviction appeal setting forth its factual findings on the Petitioner's post-conviction petition;

4. A quotation from the Appellant's brief of the issues presented in any post-conviction appeal with citation to the page(s) of the brief for the federal law relied upon for each claim as well as any other portion of the Appellant's brief or the appellate court's opinion that is the basis for any claim(s) in this action with citations of the federal decisions presented to the state courts. Petitioner shall also list the specific pages of the Appellant's brief or the state court opinion for those citations; and.

5. For each claim in the federal habeas petition, Petitioner shall state the specific claim and set forth the specific reasons why the State Courts' decision is unreasonable with page citations to the state record and any decision upon which the Petitioner relies

Within twenty (20) days from the date of the filing of the Petitioner's statement, the Respondent shall file his response, if any. The Petitioner's statement and Respondent's response shall also be e-mailed to the Court's secretary at www.megan_gregory@tnmd.uscourts.gov.

It is so **ORDERED** this the ___3d___ day of ___Aug___ 2010.

WILLIAM J. HAYNES, JR.
United States District Judge