UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RONNELL JASON LEBERRY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:10-00624 |
| | ) | Judge Sharp |
| JOHN HOWERTON, | ) | |
| Respondent. | ) | |

# MEMORANDUM

Petitioner Ronnell Jason Leberry was convicted in Montgomery County Tennessee of aggravated assault, extortion, especially aggravated kidnapping, and two counts of facilitation to commit aggravated rape for which he was ultimately sentenced to a term of twenty-eight years imprisonment. On May 22, 2010, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising four claims (plus sub-parts) for relief. (Docket No. 1). After counsel was appointed, the Petition was amended on May 6, 2011, adding three new claims (with sub-parts). (Docket No. 50).

On March 20, 2012, the Magistrate Judge entered a 21-page Report and Recommendation ("R & R") (Docket No. 63), recommending that the request for habeas relief be denied, and the case be dismissed. Petitioner, through counsel, has filed four Objections to the R & R which the Court considers *seriatim*.

## I. REQUEST FOR RECONSIDERATION IN LIGHT OF *MARTINEZ V. RYAN*

On the very day the R & R was issued, the Supreme Court issued Martinez v. Ryan, 132 S.Ct. 1309 (2012). There, the Supreme Court held that "[w]here state law requires an ineffective

1

assistance of trial counsel claim to be raised in an initial collateral proceeding (and not in a direct appeal), a procedural default will not bar a federal habeas court from hearing that claim if, in the collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320.

In light of Martinez, Petitioner argues that the Court must either reject the Magistrate Judge's determination that Petitioner's claims of ineffective assistance of trial counsel are procedurally defaulted, or return the matter to him for further findings in light of Martinez. (Docket No. 68 at 2). The Court disagrees because Martinez is not applicable to this case.

Martinez dealt with Arizona law which does not permit the argument "on direct appeal that trial counsel was ineffective," but "instead requires that claims of ineffective assistance at trial to be reserved for state collateral proceedings." Id. at 1314 (quoting, State v. Spreitz, 39 P.3d 525, 527 (2002)). In contrast, in Tennessee, "there is no prohibition against litigation of ineffective counsel claims on direct appeal, as opposed to collateral proceedings." State v. Monroe, 2012 WL 2367401 at *4 (Tenn. Crim. App. June 22, 2012).

Martinez has been read as providing a narrow exception to traditional procedural default rules as applied to ineffective assistance of trial counsel claims, and as limited to situations where the state bars a defendant from raising an ineffective assistance of trial counsel claim on direct appeal. See, Ibarra v. Thaler, 2012 WL 2620520 at *2 (5th Cir. June 28, 2012); Gill v. Atchison, 2012 WL 2597873 at *5 (N.D. Ill July 2, 2012). Here, Petitioner was permitted under state law to raise his claims of ineffective assistance of counsel on direct appeal, and it is of note that his appellate counsel was different from his trial counsel. See, Arthur v. Thomas, 2012 WL 2357919 at *9 (N.D. Ala. June 20, 2012) (Martinez does not provide relief where petitioner "could have

2

obtained a review of his ineffective assistance of trial counsel claims with the aid of counsel different from his trial counsel in his direct appeal").

The Court acknowledges that an analogy can be drawn between this case and Martinez because the post-conviction proceeding in Martinez was the first opportunity to raise the ineffectiveness of trial claim, and, just as here, the first opportunity was on direct appeal. However, the fact that appellate counsel can raise ineffectiveness of trial counsel claims on direct appeal does not mean that the failure to do so automatically amounts to ineffectiveness on the part of appellate counsel. To the contrary, ineffective assistance claims are routinely raised in the first instance in post-conviction proceedings in Tennessee because raising the claim "on direct appeal is risky," Young v. State, 2010 WL 2291086 at *2 n.1 (Tenn. Crim. App. June 8, 2010), and "fraught with peril[.]" Monroe, 2012 WL 2367401 at *4. This is significant because the Supreme Court in Martinez made it abundantly clear that it was making an equitable and not a constitutional ruling, and this Court believes that the equities of concern in Martinez do not extend to situations where, as here, a petitioner is represented in his post conviction proceeding by yet another attorney who is free to make the ineffectiveness of trial counsel claim.[1] See, Arthur, 2012 WL 2357919 at *9 (noting that Martinez does not apply where a petitioner can raise his ineffective assistance of counsel claim not only on direct review but also in his counseled first collateral challenge).

To the extent Petitioner's claim is that the ineffectiveness of his appellate counsel served as the basis for the default of his ineffectiveness of trial counsel claim,[2] that issue was never presented

---

[1] The Petition indicates that Petitioner was represented by Edward DeWarff at trial, by Hugh Poland at sentencing, by Mark Olson on appeal, and by James Phillips in his post conviction proceedings.

[2] In his objections, Petitioner argues "that appellate counsel was ineffective for failing to raise or properly frame meritorious claims, 'including but not limited to, the ineffectiveness of counsel[.]'" (Docket No. 68 at 1-2).

3

to the state court. The Court reads nothing in Martinez which abrogates the rule that a petitioner is procedurally barred from making a claim where the alleged cause for the default is not presented to the state court. See, Lott v. Coyle, 261 F.3d 594, 608-09 (6th Cir. 2001) ("Lott never presented the state courts with an opportunity to review his ineffective-assistance-of-appellate-counsel claim as cause for the default of his jurisdiction claim, and thus, is procedurally barred from making such an argument now.").

Petitioner's first objection is, therefore, overruled. However, because of the newness of the Martinez decision and the absence of controlling authority as to its applicability in Tennessee, the Court will issue a Certificate of Appealability solely on the question of whether, based on Martinez, Petitioner can show cause for the procedural default of his ineffective assistance of trial counsel claims.

## II. COUNSEL'S FAILURE TO REQUEST AND ACCOMPLICE INSTRUCTION

At trial, Petitioner's cohort in the crime, Demetrus "Dee" Grant, testified against him. Notwithstanding that testimony, trial counsel did not request an accomplice instruction, an action (or inaction) which the Tennessee Criminal Court of Appeals found to be constitutionally deficient performance, but not a deficiency which prejudiced petitioner under Strickland v. Washington, 466 U.S. 668, 687 (1993). Leberry v. State, 2009 WL 112579 at *5 (Tenn. Crim. App. June 15, 2009).

Petitioner argues the Tennessee Criminal Court of Appeals' determination "that Petitioner had not demonstrated that his counsel's deficiency prejudiced him . . . was contrary to well-established federal law finding that the omission of a cautionary instruction as to accomplice testimony constitutes reversible or prejudicial error." (Docket No. 68 at 2). In support, Petitioner cites two dated Fifth Circuit cases, Williamson v. United States, 332 F.2d 123 (5th Cir. 1964) and Dunn v. United States, 318 F.2d 123 (5th Cir. 1964), and an old Eighth Circuit case, McLendon v.

4

United States, 19 F.2d 465 (8th Cir. 1927). Yet, none of those cases[3] mandates that an accomplice instruction must be used in every case, let alone that the failure to request such an instruction is, perforce, deficient and prejudicial under Strickland.

To the contrary, "neither the United States Supreme Court nor [the Sixth Circuit] has 'requir[ed] accomplice instructions as a general matter.'" Young v. Trombley, 435 Fed. App'x 499, 503 (6th Cir. 2011) (quoting, Scott v. Mitchell, 209 F.3d 854, 883 (6th Cir. 2000)). "Instead, the Supreme Court has consistently held that the only question to be answered in a habeas challenge to a jury instruction is 'whether the ailing instruction [or the omission of a requested instruction] by itself so infected the entire trial that the resulting conviction violates due process.'" Id. (bracketed language in Young) (quoting, Cupp v. Naughten, 414 U.S. 141, 147 (1973)).

Moreover, "the absence of an instruction 'must be considered in the context of the instructions as a whole and the trial record,'" and this rule applies to the absence of an accomplice instruction. Id., (quoting, Estelle v. McGuire, 502 U.S. 62, 72 (1991)). Indeed, in Young, the Sixth Circuit surveyed several of its cases which found no prejudice (and/or no ineffective assistance of counsel for failing to ask for an accomplice instruction) where the court's instruction adequately informed the jury regarding the credibility of witness testimony generally, and alerted it to the

---

[3] Petitioner also quotes the following language from the Supreme Court opinion in On Lee v. United States, 343 U.S. 747 (1952):

> The use of informers, accessories, accomplices, false friends, or any other betrayals which are "dirty business" may raise serious questions of credibility. To the extent that they do, a defendant is entitled to broad latitude to probe credibility by cross- examination and to have the issues submitted to the jury with careful instructions.

Id. at 757. "This passage is not a command that a specific jury instruction be given if an accomplice or informant testifies, but rather is an explanation of the Supreme Court's decision to categorize matters of credibility as questions of weight, not admissibility." Goff v. Bagley, 601 F.3d 334, 470 n.14 (6th Cir. 2010).

5

considerations which should be taken into account in weighing testimony. See, Goff, 601 F.3d at 470; United States v. Carr, 5 F.3d 986, 992 (6th Cir. 1993).

In this case, the trial court gave a lengthy "Credibility of Witnesses" instruction. That instruction informed the jury of the factors which should be taken into account in assessing credibility, including (but not limited to) whether the witness had "any bias, prejudice, or personal interest in how the case is decided," whether there had "been any promises, threats, suggestions or other influences that affected how the witness testified," whether the witness had "any special reason to tell the truth, or any special reason to lie," and "how reasonable . . . the witness' testimony seem[ed]" in light of "all the other evidence in the case." (Docket No. 36-1 at 59-60). This credibility instruction mirrors the one in Young and, as in that case, the failure to give a separate accomplice instruction did not violate Petitioner's constitutional rights so as to warrant habeas relief.

Notwithstanding the fact that Petitioner "especially objects to the Magistrate's finding that 'there was more than ample proof presented that corroborated Grant's testimony,'" the Magistrate Judge's under lying premise is sound: Petitioner has not met the "high burden" of showing that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Davis v. Lafler, 658 F.3d 525, 536 (6th Cir. 2011). Grant, the accomplice, was not the only one to testify; the victim herself testified, and there was other evidence which tended to support both Grant's and the victim's version of events. That evidence is accurately recounted by the Magistrate Judge in the R & R. (Docket No. 63 at 13-17).

Petitioner's second objection is, therefore, overruled.

### III. SUFFICIENCY OF THE EVIDENCE

Petitioner next makes an underdeveloped argument that the Magistrate Judge erred by finding that there was sufficient evidence to support Petitioner's convictions. This argument is a non-starter.

The Supreme Court has held that, in determining whether the evidence was sufficient, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Given the evidence in the record – recounted not only by the Magistrate Judge, but also exhaustively detailed by the Tennessee Court of Criminal Appeals, Leberry v. State, 2005 WL 711913 at **1-10 (Tenn. Crim. App. Oct. 17, 2005) – the Court simply cannot find, "after viewing the evidence in the light most favorable to the prosecution that no rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." Parker v. Renico, 506 F.3d 444, 448 (6th Cir. 2007).[4]

Petitioner's third objection is overruled.

## IV. DENIAL OF DUE PROCESS

Finally, Petitioner objects to the Magistrate Judge's determination that Petitioner suffered no due process violation as a result of the trial judge's witnessing Petitioner's striking counsel. The entirety of this objection is as follows:

> Mr. Leberry objects to the Magistrate's finding that he suffered no due process violation. (D.E. 63 at 18-19.) The Magistrate states that there is "nothing in the record" to suggest that the trial judge witnessed Mr. Leberry assault his attorney. However, in the previous paragraph, the Magistrate notes that Mr. Leberry filed a motion asking the judge to recuse himself for having witnessed the assault of

---

[4] While Petitioner complains that "the victim's testimony was vague and unclear, requiring frequent memory refreshing," (Docket No. 68 at 3), the believability and credibility of the victim was a determination for the jury to make. See, United States v. Scheffer, 523 U.S. 303, 313 (1998) ("A fundamental premise of our criminal trial system is that 'the jury is the lie detector.'").

7

Assistant Public Defender Charles Bloodworth. There is also evidence in the record that Mr. Bloodworth had previously represented Mr. Leberry. That is more than ample evidence to support the claim that the judge witnessed Mr. Leberry assault Mr. Bloodworth and that witnessing such actions likely prejudiced the judge.

(Docket No. 68 at 3-4).

"[T]he floor established by the Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." Getsy v. Mitchell, 495 F.3d 295, 311 (6th Cir. 2007) (quoting, Bracy v. Gramley, 520 U.S. 899, 904-05 (1997)). "Under this standard, '[o]nly in the most extreme of cases would disqualification on the basis of bias and prejudice be constitutionally required.'" Id. (quoting, Williams v. Anderson, 460 F.3d 789, 814 (6th Cir.2006)).

From the record, it appears the trial judge may very well have witnessed the assault on counsel.[5] Even so, this hardly shows that the judge was actually biased, or that any such bias affected Petitioner's due process rights. See, United States v. Garcia, 417 Fed. App'x 440, 442 (6th Cir. 2011) (judge was not required to recuse himself, even though he observed defendant assaulting Assistant United States Attorney); Wilks v. Israel, 627 F.2d 32, 36-37 (7th Cir. 1980) (habeas relief not warranted even though trial judge did not recuse himself after petitioner became upset during a pretrial hearing and threw a stamping machine and a microphone at the judge, and, during trial "petitioner jumped from the chiar and assaulted the trial judge").

## IV. CONCLUSION

---

[5] In the Petition (Docket No. 1 at 7), Petitioner references State v. Leberry, 2005 WL 1190741 (Tenn. Crim. App. 2005) which was the direct appeal from his assault conviction. A review of that case indicates that, just after the trial judge refused Petitioner's request to dismiss counsel and instructed the deputies to "take him away," Petitioner grabbed counsel who was standing at the podium, "pulled him back," and raised his "fist in the air." Id. at *1.

8

On the basis of the foregoing, the Court will enter an Order (1) accepting the R & R; (2) overruling Petitioner's objections; (3) dismissing the Petition for Writ of Habeas Corpus; and (4) granting a Certificate of Appealability solely on the issue of the applicability of Martinez.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE