UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RONNELL JASON LEBERRY | ] | |
| :--- | :--- | :--- |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:10-0624 |
| | ] | Judge Sharp/Knowles |
| JAMES HOLLOWAY, Warden | ] | |
| Respondent. | ] | |

To : Honorable Kevin H. Sharp, Chief District Judge

## REPORT AND RECOMMENDATION

By order (Docket Entry No. 71) entered July 23, 2012, the Court dismissed the instant § 2254 habeas corpus action. The dismissal was predicated in part upon a finding that the petitioner had failed to demonstrate cause and prejudice sufficient to excuse the procedural default of claims alleging that trial counsel had been ineffective. *See* Docket Entry No. 63 at pg. 8.

In the order, however, the Court issued a Certificate of Appealability "solely on the question of whether the petitioner can show cause for the procedural default of his ineffective assistance of trial counsel claims in light of the recent Supreme Court decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012)."

On appeal, the appellate court answered this question in the affirmative. Docket Entry No. 74. As a consequence, the case was remanded to the District Court to determine "whether the impeachment claim defaulted by Leberry is sufficiently substantial to overcome the default". Docket

1

Entry No. 75 at pg. 11.[1]

The Court returned this matter to the undersigned for a Report and Recommendation addressing the sole remaining claim identified by the appellate court. Docket Entry No. 77.[2]

To initiate the process, the undersigned entered an order (Docket Entry No. 78) directing the parties to respond to the question posed by the appellate court, i.e., whether the petitioner can establish prejudice sufficient for the Court to excuse the procedural default of his ineffective assistance claim based upon the alleged failure of trial counsel to properly impeach the victim.

Presently before the Court are Briefs from the petitioner (Docket Entry No. 84), the respondent (Docket Entry No. 87), and petitioner's Reply (Docket Entry No. 90) to respondent's Brief.

To establish prejudice, the petitioner bears the burden of demonstrating that there was a substantial, and not simply a conceivable, chance that an alleged error brought about an adverse result at trial. Harrington v. Richter, 131 S.Ct. 770, 792 (2011). This requires a showing that the alleged error compromised the fundamental fairness of petitioner's trial to the extent that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668, 686

---

[1] In his Brief, petitioner attempts to relitigate five ineffective assistance of trial counsel claims, one of which is the impeachment claim. Docket Entry No. 84 at pg. 7. This may have been a fair reading of the original appellate opinion rendered in this case. *See* Docket Entry No. 74. However, a revised opinion was subsequently entered specifically limiting the remand to whether prejudice existed sufficient to excuse the procedural default of the impeachment claim. Docket Entry No. 75.

[2] In a previous Report and Recommendation, the undersigned found that "the petitioner has shown neither cause for his failure to raise these federal claims in the state courts *nor any prejudice arising from them.*" Docket Entry No. 63 at pg. 8. The Report and Recommendation was "accepted and approved" by Chief Judge Sharp. Docket Entry No. 71.

2

(1984).[3]

The petitioner claims that trial counsel was deficient for failing to cross examine the victim adequately "about the full story of the intense animosity between her and Grant." Docket Entry No. 84 at pg. 9. It is further asserted that prejudice arose from this failure because "there is a reasonable probability that the jury would have found insufficient corroboration of Grant's testimony." *Id.* at pg. 10.

Petitioner's argument as to prejudice, however, ignores the appellate court's holding that the petitioner "was not an innocent bystander; ample corroboration supports his convictions." Docket Entry No. 75 at pg. 11. Thus, petitioner's claim of prejudice is speculative at best, well below the needed showing that the fundamental fairness of petitioner's trial was compromised by counsel's alleged error.

## RECOMMENDATION

Upon careful consideration of the Briefs and Reply submitted by the parties and a review of the record, it appears that the petitioner is unable to establish prejudice sufficient to excuse the procedural default of his ineffective assistance/impeachment claim. Accordingly, the undersigned respectfully RECOMMENDS that this claim be DENIED for an unexcused procedural default and that the instant action be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court

---

[3] Prejudice is defined in Harrington and Strickland within the context of an ineffective assistance of counsel claim. However, the prejudice analysis for procedural default and the prejudice analysis for an ineffective assistance of counsel claim are sufficiently similar to be treated as the same. Hall v. Vasbinder, 563 F.3d 222, 237 (6th Cir. 2009).

within fourteen (14) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
E. Clifton Knowles
United States Magistrate Judge