# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RONNELL JASON LEBERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:10-CV-00624 |
| v. ) | |
| ) | Judge Sharp |
| JOHN HOWERTON, WARDEN, ) | |
| ) | |
| Respondent ) | |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, (Docket No. 91), recommending that Plaintiff's action be dismissed due to an unexcused procedural default. Petitioner has filed objections to the R & R. (Docket No. 92). Having undertaken de novo review of the matter in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds that the R & R is correct and properly applies the governing law.

In deciding to approve the R & R, the Court has considered the two objections raised by Petitioner. First, Petitioner argues that the Court should address Petitioner's remaining ineffective assistance of counsel claims, as they were all timely raised in Petitioner's *pro se* petition for habeas corpus. Second, Petitioner argues that he has established the prejudice required in the cause-and-prejudice analysis in order to overcome his procedurally defaulted claim that trial counsel was ineffective by failing to impeach the victim.

Regarding the first objection, the Sixth Circuit mandate on remand was clear: "On remand, the district court should consider whether the impeachment claim defaulted by Leberry is sufficiently substantial to overcome the default." (Docket No. 75 at 10). Consequently, the Court will consider only this issue on remand and finds no error in the Magistrate Judge's refusal

to consider the additional ineffective assistance of counsel claims.

Regarding the second objection, the Petitioner claims that he has established prejudice because, had his trial counsel properly impeached the victim, "there is a reasonable probability that the jury would have found insufficient corroboration of [the prosecution witness's] testimony, and would have thus reached a different verdict, on at least one count of conviction." (Docket No. 92 at 14). The Court agrees with the Magistrate Judge; Petitioner's argument ignores the Sixth Circuit's holding that "[Petitioner] was not an innocent bystander; ample corroboration supports his convictions." (Docket No. 75 at 11). This holding was based on evidence introduced at trial, where the victim, the prosecution witness, and a second witness all incriminated Petitioner. (Docket No. 75 at 2-3). Consequently, it is unlikely that the verdict would have been any different had trial counsel impeached the victim. Therefore, the Petitioner has not shown that he would be prejudiced by the Court's failure to hear the claim on the merits.

Accordingly, the Court hereby rules as follows:

(1) The R & R, (Docket No. 91), is ACCEPTED and APPROVED; and

(2) Petitioner's claim for ineffective assistance of counsel in failing to properly impeach the victim is hereby DENIED for an unexcused procedural default; and

(3) Petitioner's Petition for Writ of Habeas Corpus, (Docket No. 1), is DISMISSED.

The Clerk of the Court shall enter a final judgment in accordance with Rule 72 of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE